9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CYNTHIA M. YODER,<br>Plaintiff, | : <br> : <br> : |
| v. | :     CIVIL ACTION NO. 18-CV-2693 |
| GOOD WILL STEAM FIRE ENGINE<br>COMPANY NO. 1, *et al.*,<br>Defendants. | : <br> : <br> : |

FILED
JUL 13 2018
KATE BARKMAN, Clerk
By_____Dep. Clerk

**MEMORANDUM**

SÁNCHEZ, J.                                                                          JULY 12, 2018

Plaintiff Cynthia Yoder, a regular *pro se* litigant in this Court, has filed a Motion to Proceed *In Forma Pauperis* and a Complaint raising claims on behalf of herself and her family members against Good Will Steam Fire Engine Company No. 1 d/b/a Good Will Ambulance, JSDC Law Offices, and Mr. James D. Young, an attorney.[1] As in many of her prior cases, Yoder alleges that she may raise claims on behalf of her mother Darlene Strunk, her father Rance Strunk, and her son Clifford Repotski because she has a power of attorney for them. For the following reasons, the Court will grant Yoder leave to proceed *in forma pauperis* and dismiss her Complaint.

**I.     FACTS**

Yoder's Complaint concerns two separate matters. First, she is challenging a Sheriff's

---

[1] It is possible, though unclear, that Yoder intended to name other attorneys at JSDC Law Offices. However, if Yoder intended to name other Defendants, the basis for her claims against them is entirely unclear.

1

sale of the family home.[2] Second, she alleges that Good Will Steam Fire Engine Company No. 1 d/b/a Good Will Ambulance, which provided ambulance services to her father, improperly failed to submit the bill for those services to Medicare and sued her father instead. Yoder's allegations are at times unclear, but the Court will do its best to recount the relevant portions of her Complaint here.

With regard to the sale of the family home, Yoder alleges that she lives in the home with her mother and son. She contends that the Sheriff's sale of "property owned by the Strunk's [sic] violates a 60 year marriage contract as all property is jointly owned and all those who live in the house, the Strunk's marital home, their property should be protected per the United States Constitution 5th and 14th Amendments." (Compl. at 8.)[3] Although almost all of her remaining allegations concern the litigation with Good Will Ambulance and James Young, an attorney for Good Will Ambulance, she asks this Court to "vacate the judgment of sheriff sale and all other Orders, and end the sale of the Strunk's and mine (other family members, residents) personal property scheduled for June 26, 2018." (*Id.* at 17.) This Court received Yoder's Complaint on June 26, 2018, but it was not docketed until June 27, 2018.

Turning to the dispute and litigation with Good Will Ambulance, Yoder contends that her father is incapacitated, lives in a nursing home, and has been a Medicare beneficiary since 1998. She suggests that the failure of Good Will Ambulance to bill Medicare for the services accrued by her father amount to a breach of contract. Another primary facet of her claims is that

---

[2] The mortgage proceedings involving the Strunk home has already been the subject of considerable litigation. *See Yoder v. Wells Fargo Bank, N.A.*, 693 F. App'x 166, 168 (3d Cir. 2017) (per curiam) (recounting Yoder's litigation history pertaining to the foreclosure proceedings).

[3] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

2

attorneys for Good Will Ambulance initiated and continued legal proceedings against her father without properly recognizing her power of attorney.

Yoder also alleges that, after Good Will Ambulance initiated a lawsuit against her father, she explained that she was serving as her father's power of attorney. On April 17, 2017, she sought a continuance in the case against her father. Ten days later, Attorney Young withdrew the complaint.

Yoder suggests that Young "continues to violate" her "power of attorney contract," apparently because he refiled the case against her father in the Chester County Court of Common Pleas without notifying her. (*Id.* at 10.) She also indicates that the refiling of the complaint "was a deliberate and intentional act on Mr. Young's part to harass, attempt to extort money and property from the Strunk's [sic] one way or another." (*Id.*) In the course of that litigation, the assigned judge issued an order on October 4, 2017 acknowledging that "it appears that Defendant [Mr. Strunk] has appointed Power of Attorney [presumably Yoder]." (*Id.* at 11.) Mr. Strunk subsequently received another bill for ambulance services from Good Will Ambulance, but it is not clear from the Complaint whether it is the same bill underlying the litigation or an additional bill.

An arbitration was scheduled in the state court litigation, but Yoder moved for a continuance. It is not clear whether that request was granted. It appears that there were issues with service of process, so the state judge directed the Sheriff's office to post the complaint on the Strunk's home, apparently to ensure that either Yoder and/or Mr. Strunk had been properly served. Shortly thereafter, the complaint was "re-instated" but "still [did] not include Mr. Strunk's power of attorney," causing Yoder to suggest that Attorney Young "can violate laws." (*Id.* at 13.) On May 25, 2018, "a writ of execution was addressed to Mr. Strunk" that did not

3

allude to the power of attorney. (*Id.* at 14.) Yoder also contends that she is "being prohibited to act on Mr. Strunk's behalf in violation of the Court Order of October 4, 2017 due to the assigned judge being absent." (*Id.*)

Yoder adds that on June 2, 2018 "three (3) Property & Tenants by Entireties were sent with two (2) other individuals power of attorneys" and that the "Court failed to recognize Mr. Strunk's power of attorney is joint with his wife of 60 years." (*Id.* at 15.) It is not clear how this allegation relates to Yoder's claims —or even whether it related to the Sheriff's sale or the litigation with Good Will Ambulance—but the gist is that Yoder appears to be claiming that her power of attorney was not respected. Ultimately, on June 14, 2018, a judge denied a stay of execution, either in connection with Good Will Ambulance's effort to collect against Mr. Strunk or the scheduled Sheriff's sale. Yoder suggests that this order, among others, were improper.

While the case against Mr. Strunk about the ambulance bills was ongoing, Yoder sued Good Will Ambulance in the Chester County Court of Common Pleas. That case was dismissed as frivolous on June 13, 2018. Yoder believes that the dismissal was improper, apparently because it failed to account for her power of attorney. She also alleges that her parents are being conspired against and that their rights are being violated. The Complaint reflects that Yoder wrote to the President Judge with concerns about how her cases were handled, but that she did not obtain any relief.

In addition to asking this Court to enjoin the Sheriff's sale of her family property, Yoder asks this Court "to mandate the power of attorney contract be accepted and to have this judgment [presumably the one against her father] vacated for lack of including all parties . . . ." (*Id.* at 19.) She also seeks damages.

4

## II. STANDARD OF REVIEW

The Court grants Yoder leave to proceed *in forma pauperis* because it appears as though she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As Yoder is proceeding *pro se*, the Court must construe her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

Yoder named herself as the only plaintiff in this case. However, a vast majority of her

allegations concern harm suffered by her father. She also raises allegations based on harm allegedly suffered by her mother and son. However, Yoder's family members are not parties to this case and Yoder lacks standing to raise claims on their behalf.[4] *See Yoder v. Wells Fargo Bank, N.A.*, No. CV 16-4721, 2016 WL 5682486, at *3 (E.D. Pa. Oct. 3, 2016) ("Yoder lacks standing to raise claims on behalf of individuals who are not parties to this lawsuit. . . ." (quoting *Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011)). Accordingly, the Court will dismiss for lack of standing all claims seeking relief for harm suffered by Yoder's family members.

To the extent Yoder is raising claims on her own behalf, those claims fail. Yoder's request to enjoin the court-ordered Sheriff's sale of her family's home is moot because that sale has already occurred. Furthermore, to the extent she requests relief on her own behalf seeking vacatur of state-court orders, this Court lacks jurisdiction over her claims pursuant to the *Rooker-Feldman* doctrine, which deprives federal courts of "jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the

---

[4] Even if Yoder had named her family members as Plaintiffs in this matter, she would not be able to represent them in federal court, regardless of her power of attorney. *See Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. 2012) (per curiam) ("Faison Williams's power of attorney for her father may confer certain decision-making authority under state law, but it does not permit her to represent him pro se in federal court."); *Pinkney v. City of Jersey City Dep't of Hous. & Econ. Dev.*, 42 F. App'x 535, 536 (3d Cir. 2002) (per curiam) ("Under our holding in *Osei-Afriyie v. Medical College of Pa.*, 937 F.2d 876, 882-83 (3d Cir.1991), a guardian or parent cannot represent an incompetent adult in the courts of this Circuit without retaining a lawyer."). Indeed, Yoder has been repeatedly informed of that fact. *See, e.g., Yoder v. Macmain Law Grp., LLC*, No. CV 16-5221, 2016 WL 6519101, at *2 (E.D. Pa. Nov. 1, 2016), *aff'd*, 691 F. App'x 59 (3d Cir. 2017); *Yoder v. Wells Fargo Bank, N.A.*, No. CV 16-4721, 2016 WL 5682486, at *3 n.4 (E.D. Pa. Oct. 3, 2016); *Yoder v. Wells Fargo Bank, N.A.*, No. 13-CV-1377, 2013 WL 5574421, at *1 (E.D. Pa. Oct. 9, 2013), *aff'd*, 566 F. App'x 138 (3d Cir. 2014).

district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted). As Yoder is asking this Court to review, vacate, and/or reverse unfavorable judgments that may affect her, her claims fall within the purview of the *Rooker-Feldman* doctrine.

Even where the *Rooker-Feldman* doctrine does not apply, the Court cannot discern any plausible basis for a claim that Yoder could bring against the Defendants that would fall within this Court's jurisdiction. Yoder has not stated a basis for a claim under 42 U.S.C. § 1983 for violation of her constitutional rights because she has not sued any state actors subject to liability under that statute. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Nor has she articulated a basis for jurisdiction over any state law claims. *See* 28 U.S.C. § 1332. Accordingly, the Court will dismiss the Complaint.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Yoder leave to proceed *in forma pauperis* and dismiss her Complaint. Yoder will not be given leave to file an amended complaint because amendment would be futile. An appropriate order follows.

**BY THE COURT:**

_____
JUAN R. SANCHEZ, J.